### In re MUNGER VEHICLE TIRE CO.

#### (Circuit Court of Appeals, Second Circuit. November 16, 1908.)

#### No. 39.

BANKRUPTCY (§ 250*)—INSOLVENT CORPORATION—CALL ON STOCKHOLDERS OF UNPAID STOCK.

The bankruptcy court has jurisdiction to make a call on the stockholders of a bankrupt corporation; but the hearing before the referee to take evidence on such question should be expressly limited to the question: Should there be a call on the shareholders of unpaid stock, and, if so, to what amount?

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 350; Dec. Dig. § 250.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

On appeal from an order of the District Court, dated the 14th day of January, 1908, whereby the petition of the trustee in bankruptcy, asking for an order that an assessment be levied upon the Rubber Goods Manufacturing Company, an alleged stockholder of the bankrupt corporation, was referred to the referee, as special master, to "take evidence bearing on the question whether an assessment should be levied upon said Rubber Goods Manufacturing Company, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the relief prayed for in said petition, verified April 18, 1907, by said trustee, should be granted."

Ernest Hopkinson (Henry F. Wolff, of counsel), for petitioner.
G. H. Montaque, for respondents.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. We are of the opinion that the District Court had jurisdiction to make a call upon the stockholders of the Munger Vehicle Tire Company, if the facts warranted the court in taking such action. We think, however, that the hearing before the referee should be expressly limited to the determination of this issue alone. It being conceded at the argument that the prayer of the petition is too broad, it follows that the reference to determine whether the relief prayed for in the petition should be granted is also too broad, and opens a field of inquiry which may possibly be prejudicial to the interests of the rubber company. The issue before the referee should be confined solely to the question: Should there be a call upon the shareholders of unpaid stock, and, if so, to what amount? With the controversy thus narrowed, we fail to see how the rubber company will be prevented from making any defense it may have to an action brought against it as a stockholder, whether it appears before the special master or fails to do so.

The order should be amended in conformity with this opinion, and, as so amended, should be affirmed. No costs of this appeal to either party.