BABBITT v. READ et al.

(Circuit Court, S. D. New York. November 3, 1909.)

1. BANKRUPTCY (§§ 282, 284*)—ACTIONS BY TRUSTEES—SUIT AGAINST STOCKHOLDERS OF BANKRUPT CORPORATION.

Where plenary suits are necessary to collect unpaid subscriptions from stockholders of a bankrupt corporation, it is not necessary that the bankruptcy court should determine the amount due from the stockholders, which may be left to the courts in which such suits are brought, and authority given by the bankruptcy court to the trustee to collect such amounts as may be due is a sufficient demand on the stockholders.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 426; Dec. Dig. §§ 282, 284.*]

2. BANKRUPTCY (§ 282*)—ACTIONS BY TRUSTEES—SUIT AGAINST STOCKHOLDERS OF BANKRUPT CORPORATION.

The fact that bondholders of a bankrupt corporation may be estopped by a waiver expressed in the bonds or mortgage to assert any personal claim against the stockholders is no defense by the stockholders to a suit by the trustee to enforce their liability on unpaid subscriptions, where

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

there are other creditors not so estopped; nor does the pleading of such estoppel as to the bondholders make the mortgage trustee a necessary party to the suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 426; Dec. Dig. § 282.*]

3. BANKRUPTCY (§ 154*)—ACTIONS BY TRUSTEE—SUIT AGAINST STOCKHOLDERS OF BANKRUPT CORPORATION—SET-OFF.

That stockholders of a bankrupt corporation are also bondholders, and as such entitled to share in the distribution of the estate, does not entitle them to set off their claims as such in a suit against them by the trustee in bankruptcy to recover unpaid subscriptions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 451; Dec. Dig. § 154.*]

Hornblower, Miller & Potter, for plaintiff.

Carter, Ledyard & Milburn, for defendants Hamilton Trust Co., Metropolitan Life Ins. Co., and John R. Hegeman.

Strong & Cadwalader, for defendants Read, Seaman, and Clark.

Rushmore, Bisbee & Stern, for defendant Gardiner.

WARD, Circuit Judge. The defendants object that the bill is defective, because the Central Trust Company, a corporation of the state of New York, has not been made a party, and the cause is set down on that objection only under equity rule 52.

The complainant, a citizen of Missouri, is the trustee in bankruptcy of the Randolph-Macon Coal Company, a corporation of the same state, where it has been duly adjudicated a bankrupt. The bill charges that a mortgage on the company's property to secure an issue of $3,-000,000 of bonds, of which $2,150,000 are outstanding, has been foreclosed, resulting in a deficiency judgment against the company of $2,149,729.45; that this judgment has been proved against the company's estate as a claim in bankruptcy; and that other claims have been proved to the amount of $247,067.33. The bill further charges that the referee in bankruptcy has found that the company's debts are $2,329,551.01 in excess of its assets; that, the trustee being advised and believing that at least $4,000,000 remain due and owing on the company's capital stock, he is therefore authorized and directed to institute proper proceedings at law or in equity against the stockholders for the purpose of enforcing their liability for any unpaid balance.

This right of the corporation to enforce the liability of stockholders for the purpose of paying its debts passed to the trustee under section 70a (6) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451]), and while he is ready to enforce it no one else can. The Central Trust Company is neither a necessary nor proper party to that end. It will be noticed that the referee in bankruptcy has not found the amount due by the stockholders, or even expressly that there is any amount due. The defendants contend that such a finding is a necessary preliminary to a plenary suit against stockholders, and cite In re Remington, 153 Fed. 345, 82 C. C. A. 421, to that effect. All the proceedings in that case were in the bankruptcy court, and the stockholders were apparently residents and parties. This court held the proceedings there taken to be regular,

and referred to Scovill v. Thayer, 105 U. S. 143, 26 L. Ed. 968. But, where plenary proceedings are necessary against stockholders, I see no reason why the bankruptcy court may not leave the question of the amount due by them to the courts in which the plenary proceedings are instituted. The authority given by the referee in bankruptcy to the trustee to collect such amount as may be owing from stockholders seems to me an authorized demand for payment within the language of Mr. Justice Woods in Scovill v. Thayer, at page 155 of 105 U. S. (26 L. Ed. 968):

> "But under such circumstances, before there is any obligation upon a stock-holder to pay without an assessment and call by the company, there must be some order of a court of competent jurisdiction, or at the very least some authorized demand upon him for payment."

The stockholders would certainly have no reason to complain of such a course. Be this as it may, the stockholders have the right to set up in a plenary suit such personal defenses as are now to be considered. See Matter of Munger Vehicle Tire Co. (C. C. A.) 21 Am. Bankr. Rep. 395, 168 Fed. 910.

The question is whether the trust company is a necessary party to this cause because of the following defenses: First, that the bond-holders have waived their right to make any claim against the stock-holders personally; second, that the defendants, besides being stock-holders, are owners of bonds secured by the mortgage and entitled to set off the amount of their bonds against any claim against them as stockholders; third, that the mortgaged property was purchased at the foreclosure sale on behalf of all but 24 of the bonds for the sum of $100,000, whereas its actual value is sufficient to discharge the deficiency judgment in addition to the purchase price.

The first defense depends on a provision in the mortgage, which is incorporated by reference in the bonds, to the effect that:

> "No recourse under any obligation of this mortgage, or of any bond or coupon hereby secured, shall be had against any incorporator, officer, stock-holder, or director of the company, either directly or through the company, by the enforcement of any claim or right, statutory or otherwise, or by any legal or equitable proceeding; it being expressly agreed and understood that this mortgage and the bonds secured hereby are solely a corporate obligation, and shall derive no support or aid by or through the personal liability of, and that no personal liability whatever shall be attached to or be incurred by, the incorporators, stockholders, officers, or directors of the company, or any of them, under or by reason, or founded, whether wholly or partly, direct-ly or indirectly, upon any of the obligations of this mortgage, or any of the bonds and coupons hereby secured, but any and every such personal liability of every such incorporator, stockholder, officer, or director is hereby express-ly waived as a condition of and in consideration for the execution of this mortgage and of such bonds and coupons."

The trustee is asserting the right of the bankrupt corporation on be-half of its creditors. If this defense is good against the bondholders, he can assert the right only on behalf of the other general creditors to the amount of $247,067.33. It is no objection to his acting that the rights of these creditors and of the bondholders are inconsistent, or even hostile. He is an officer of the court, without any personal in-terest whatever, representing the bankrupt and all its creditors, and is

no more unfit to act in the premises because those interests conflict than is the court to dispose of the questions for that reason. It is not like the case of a stockholder's bill, where the plaintiff's personal interest is antagonistic to the interests of other stockholders, and therefore they should be made parties. I do not see that the Central Trust Company is a necessary, or even proper, party in connection with this defense.

Coming to the second defense, the set-off alleged is not available against the trustee in bankruptcy, because it involves no mutual debt or credit between the stockholder and the estate of the bankrupt, within section 68 of the bankruptcy act. Sawyer v. Hoag, 17 Wall. 610, 21 L. Ed. 731. When the Central Trust Company, as trustee under the mortgage, distributes among the bondholders it represents the dividend paid it by the trustee in bankruptcy, so far as the same has been collected from the stockholders, this equity can be adjusted. In that proceeding the paying stockholders will get back whatever they are entitled to as bondholders. The trustee in bankruptcy is not concerned in settling the equities of the bondholders and the stockholders inter sese. If, however, for the protection of creditors other than the bondholders, it should prove necessary to settle these equities in the bankruptcy court, that court has power to do so, because it is necessary for the proper distribution of the bankrupt's estate. I do not think the Central Trust Company is a necessary party to this cause in connection with this defense.

The third defense also involves equities between the bondholders and stockholders, with which neither this court nor the bankruptcy court is concerned; and for the same reason I do not think the Central Trust Company a necessary party.

The objection is overruled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes