HERBERT C. GILSON et al., receivers, respondents,

*v.*

J. CHARLES APPLEBY, appellant.

[Argued July 6th, 1911. Decided November 21st, 1911.]

A decree made upon a bill filed by the receiver of an insolvent corporation, whose assets are insufficient to pay its debts, directing an ascertainment of how much, if anything, remains unpaid by the several stockholders of the corporation upon the stock held by them respectively, and what amount, if anything, should be collected from and paid by them for the purpose of meeting such deficiency and for the payment of the expenses of the receivership, and ordering those of the stockholders who had not paid for their stock to pay the balance due upon their respective shares, or so much thereof as might be necessary to satisfy creditors and meet the expenses of the winding-up proceedings—is conclusive upon non-resident stockholders who have not been served with process, or submitted themselves to the jurisdiction of the court, so far as it adjudges that an assessment is necessary, and fixes the amount of money required to be raised thereby, and as to the *pro rata* of each share of stock upon which the assessment is directed to be made. But it is open to such non-residents when the receiver attempts to enforce the assessment against

them to show that they are not stockholders; or that they have paid their stock subscriptions in full; or that they have valid set-offs against the assessment.

---

On appeal from an order of the court of chancery advised by Vice-Chancellor Garrison, whose opinion is reported in *78 N. J. Eq. (8 Buch.) 96.*

*Messrs. Hartshorne, Insley & Leake,* for the appellant.

*Mr. J. Merritt Lane,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in the present case challenges the validity of an order of the court of chancery overruling a plea filed by the defendant denying the jurisdiction of the court to afford the relief sought against him by the receiver in his bill. The ground upon which jurisdiction was denied was that the defendant had not been served with process; that he was not a resident of this state, and was not subject to service of process within it; and that any order or decree made against him would, therefore, be in violation of the fourteenth amendment of the federal constitution. The basis of the decision, holding the plea bad, was that it failed to disclose any attempt made by the court to obtain jurisdiction over the defendant, either by the issuance of subpœna against him or by any other method.

We incline to think that the averment of an attempt on the part of the court to obtain jurisdiction over the person of the defendant is not essential to the validity of a plea such as is now under consideration. In the case of *Wilson* v. *American Palace Car Co. et al., 65 N. J. Eq. (20 Dick.) 730,* in which a plea to the jurisdiction had been overruled by the court of chancery, the view expressed by this court was that the only question for determination was whether the matters set out in the plea showed the defendants *to be beyond the compulsory jurisdiction of the court;* and we held that if it was so shown, it was the duty of the court

to dismiss the defendants from a controversy in which they declared themselves unwilling to participate.

But, although we are not prepared to approve the ground upon which the learned vice-chancellor based his decision overruling the plea, we, nevertheless, agree with him in his conclusion that it was bad.

The bill in the cause was filed by the receivers of the J. C. Appleby Sand and Clay Company setting up a deficiency of assets available to pay the debts of the corporation amounting to at least $20,000, and praying that an ascertainment should be made by the court of how much, if anything, remained unpaid by the several stockholders of the corporation upon the stock held by them respectively, and what amount, if anything, should be collected from and paid by them for the purpose of meeting such deficiency, and for the payment of the expenses of the receivership; and, further, that those of the stockholders who had not paid par for their stock should be ordered and directed to pay the balance due upon their respective shares, or so much thereof as might be necessary to satisfy creditors and meet the expense of the winding up proceedings. All the stockholders, including the appellant, were made parties defendant.

The twenty-first section of our Corporation act provides that where the whole capital of a corporation has not been paid in, and what has been paid in shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay, on each share held by him, such proportion of the sum necessary to complete the amount of such share as shall be required to satisfy such debts and obligations. The collection of such unpaid subscriptions, in case of insolvency, and of an insufficiency of assets to pay debts, is vested, by the sixty-sixth section of the act, in the receiver. As a prerequisite to such collection an ascertainment must be made of the proportionate amount of the unpaid subscriptions thus required in order to satisfy the debts of the company, and the expenses of winding up; and this ascertainment is to be made by the court of chancery under our system of jurisprudence. The present proceeding, consequently, is in conformity to the scheme of our statute. Our Chancery act permits non-resident stockholders, who are made defendants in proceedings of this

character, to be brought into court by notice mailed to them at their respective post-office addresses. So entirely are these matters settled that none of them are controverted by the defendant.

The sole contention upon which his plea is rested is that the court of chancery is without power to make such a decree as is asked for by the receiver against him, unless he is brought into court by the service of process upon him within the state, or voluntarily submits himself to the jurisdiction. The contention is based upon the idea that such a decree rendered against him under the circumstances indicated would be in violation of the right guaranteed to him by the fourteenth amendment of the federal constitution as construed in *Pennoyer* v. *Neff, 95 U. S. 714.* But the doctrine of that case does not go to the extent claimed for it. Although it was there held that a personal judgment obtained against a defendant who was not a resident of the jurisdiction in which it was rendered, and who had not been served with process in that jurisdiction, and had not appeared, was void, the court was careful at the end of its opinion, in order "to prevent any misapplication of the views expressed" in it, to make the following statement: "We do not doubt that a state, on creating corporations for pecuniary or charitable purposes, may provide a mode in which their conduct may be investigated, *their obligations enforced,* or their charters revoked, which shall require other than personal service upon their officers or members. Parties becoming members of such corporations or institutions would hold their interest subject to the conditions prescribed by law." That a proceeding like that now before us, when it results in an adjudication against a non-resident stockholder, not served with process, such as is prayed for by the receiver, neither deprives a stockholder of his property without due process of law, nor denies him the equal protection of the law, is settled, as we read its opinion, by the United States supreme court in the case of *Burnheimer* v. *Converse, 206 U. S. 516.* In that case a corporation of Minnesota became insolvent and a receiver was appointed for it by the district court of Washington county in that state. On the petition of the receiver to that court for the purpose of enforcing the liability of stockholders on their stock subscriptions, in order to provide funds for the payment of the indebtedness of the cor-

poration, and the expenses of the receivership, an order was made requiring notice of a hearing on the petition to be given to the defendant company and to each stockholder. On the hearing, it having been shown that notice thereof had been published, and also mailed to each of the stockholders, an order was made for an assessment of thirty-six per cent. of the par value of each share of the capital stock of the company to be assessed upon each and every share of such stock, and against each and every person liable as such stockholder, and each such person was directed to pay to the receiver within thirty days after the date of the order the sum assessed against his stock, and the receiver was authorized, upon failure to pay such sums, to prosecute actions or proceedings against the persons liable in any court having jurisdiction in the State of Minnesota or elsewhere. The defendants not having paid suit was brought against them by the receiver in the United States circuit court for the southern district of New York to collect the amount assessed against them. In that suit they contended that the statute of Minnesota, which permitted an assessment to be made against them without service of process upon them, deprived them of their property without due process of law, and that the Minnesota court was, therefore, without jurisdiction to make the order of assessment against them. This contention was overruled by the court and judgment went against the defendant. The United States supreme court upon a review of that judgment declared that it was not necessary that a stockholder should be served with process in the action wherein the assessment was made, for the reason that no personal judgment was rendered against him in that proceeding; that it had reference to a corporation of which he was a member by virtue of his holding stock therein, and had for its purpose the liquidation of the affairs of the corporation, the collection and application of its assets to be administered for the benefit of creditors; that in such case it had been frequently held that the representation which a stockholder has by virtue of his membership in the corporation is all that he is entitled to, and that it had already been decided by the court in *Hawkins* v. *Glenn, 131 U. S. 319,* and *Great Western Tel. Co.* v. *Purdy, 162 U. S. 336,* that when an assessment is necessary to be made upon unpaid stock subscrip-

tions for the benefit of creditors, the court may make the assessment without the presence or personal service of stockholders.

A decree of the character sought by the receiver in the present proceeding is conclusive upon the stockholders as to the fact that an assessment is necessary, as to the amount of money required to be raised by the assessment, and as to the *pro rata* of each share of stock upon which the assessment is made; but it is open to a non-resident against whom an assessment has been made as a stockholder, and who has not been served with process, or submitted himself to the jurisdiction of the court, when the receiver attempts to enforce the assessment against him, to show that he was not a stockholder, or that he had paid his stock subscription in full, or that he had a valid set-off against the assessment. *Swing* v. *Consolidated Fruit Jar Co., 74 N. J. Law (45 Vr.) 145.*

It follows from what has been said that the court of chancery has jurisdiction to render the decree asked for against the defendant, notwithstanding the fact that he has not been served with process, and the order overruling his plea must, therefore, be affirmed.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Kalisch, Bogert, Vredenburgh, Congdon, White—12.

*For reversal*—None.