## In re NEWFOUNDLAND SYNDICATE.

### (District Court, D. New Jersey. May 14, 1912.)

1. BANKRUPTCY (§ 225*)—PROCEDURE BEFORE REFEREES.
   Where a part of the subject-matter of a petition filed by a trustee before a referee in bankruptcy is within the jurisdiction of the court and a part is not, it should not be dismissed, but retained, and an amendment permitted limiting it to the questions within the jurisdiction.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 352; Dec. Dig. § 225.*]

2. BANKRUPTCY (§ 293*)—JURISDICTION OF BANKRUPTCY COURT—ASSESSMENTS ON STOCKHOLDERS OF BANKRUPT CORPORATION—"SUIT."
   A proceeding by the trustee of a bankrupt corporation to have an assessment ordered on unpaid stock is not a "suit" within the meaning of Bankruptcy Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), but is an administrative proceeding within the jurisdiction of a court of bankruptcy, since it does not require notice to nor the presence of the stockholders, whose personal rights are not involved but remain to be determined in subsequent suits to collect the assessments if made.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*
   For other definitions, see Words and Phrases, vol. 7, pp. 6769–6778; vol. 8, p. 7809.]

3. BANKRUPTCY (§ 250*)—JURISDICTION OF BANKRUPTCY COURT—ASSESSMENTS ON STOCKHOLDERS OF BANKRUPT CORPORATION.
   Under Bankruptcy Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3422), as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1494), which provides that the bankruptcy of a corporation shall not release its stockholders, as such, from any liability under the laws of a state, territory, or of the United States, when the laws of the state, as in case of New Jersey Corporation Act April 21, 1896 (P. L. p. 277), provide that, in case the capital of a corporation has not been paid in full at par in money or money's worth and that paid in is insufficient to pay its debts, each stockholder shall be liable for the amount unpaid on his stock, or so much as may be needed, and authorize the directors to make assessments, on the bank-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ruptcy of a corporation its trustee is vested with the power of the directors to make such an assessment on a determination of its necessity to pay debts and expenses of administration, and the court of bankruptcy has jurisdiction to make such determination.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 235, 350; Dec. Dig. § 250.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In the matter of the Newfoundland Syndicate, bankrupt. On petition for review of referee's order dismissing trustee's petition to have an assessment levied on the capital stock of the bankrupt. Order reversed.

Elbridge L. Adams, of New York City, for trustee.
Justus P. Sheffield, of New York City, for August Heckscher.

RELLSTAB, District Judge. The bankrupt is a corporation created under and existing by virtue of the laws of the state of New Jersey. On January 3, 1912, the trustee of the bankrupt filed his petition with the referee, the subject-matter of which is the issue by the bankrupt of its shares of capital stock for less than par value and the necessity for making an assessment upon such shares to meet the indebtedness of the bankrupt and the expenses incident to the administration of its estate.

The trustee prays inter alia for an order:

"That an assessment be ordered to be made by your petitioner, or by the court, upon each and every share of the capital stock of said corporation which has been issued at less than its par value, or upon which the full amount of its par value has not heretofore been paid, of 100 per cent. of the par value thereof, less any amounts which may have heretofore been actually paid upon said shares either in money or money's worth."

The referee made an order directing the persons named in such petition as stockholders, upon whose shares of stock it was purposed to levy this assessment, to show cause why the prayers of such petition should not be granted, and that copies of such petition be served upon them—they being all nonresidents—by mailing the same to them at their respective post office addresses. On the return day of such order, August Heckscher alone responded, and solely to object to the jurisdiction of the court over him and such subject-matter. Subsequently, after a hearing on such objections, the referee decided on February 1, 1912, that the bankruptcy court had no jurisdiction over such subject-matters, and dismissed the petition.

The petition, so far as it is pertinent to the jurisdictional question here raised, alleges, in substance, that the bankrupt issued to certain persons, comprising the copartnership of J. M. Ceballos & Co., severally named in such petition as holding some of the stock sought to be so assessed, $1,000,000 par value of its capital stock being all its last-authorized increased capital, for the sum of $500,000, and that such firm immediately assigned to said Heckscher one-half of such stock for $250,000, and that Heckscher knew at the time of such as-

signment that such stock had been issued by the bankrupt at 50 per cent. of its par value.

There are other allegations relating to the issue of the bankrupt's capital stock to another person for property purchased by it from him, and which property, it is charged, was, to the knowledge of the directors of such corporation and said stockholders, grossly overvalued to enable such issue of stock to be made, and that the issue of stock to Ceballos & Co. and Heckscher is derived from such issue for property purchased. But these allegations, as well as the prayers based thereon, other than the one herein quoted, are unnecessary to be considered, as the question here presented does not go to the merits of, but only to the court's jurisdiction over, the subject-matter.

[1] As appears by the referee's report and the minutes sent up therewith, the petitioner waived all his prayers for relief other than the one asking that an assessment be levied upon such stock, and asked permission to amend his petition to conform to such waiver. The referee declined to allow such amendment, taking the position that, even if allowed, it would not change his opinion that the court lacked jurisdiction to levy an assessment upon such stock. If the view taken by the referee is correct, such amendment was useless; otherwise, it should have been allowed. In re Munger Vehicle Tire Co., 168 Fed. 910, 94 C. C. A. 314.

[2] The ground of the referee's decision of lack of jurisdiction is that the petition is in reality a bill in equity, asking for relief which could be given only in a plenary suit, and that the bankruptcy court could not entertain such suit, except with the consent of the defendant, citing section 23b of the Bankruptcy Act. The question on review is, therefore, whether the petitioner sought relief which is administrative in its nature. If any of the relief sought could be granted by a bankruptcy court, the petition should have been retained and the issue confined to what was administrative in character.

Bankruptcy Act July 1, 1898, c. 541, § 1, cl. 7, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3419), provides that the term "court" shall include a referee, and clause 19 declares that the word "persons" includes corporations. By section 2, cl. 7, bankruptcy courts are invested with such jurisdiction in law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings to cause the estates of bankrupts to be collected, reduced to money, and distributed, and to determine controversies in relation thereto, except as otherwise provided.

By section 70a the title of all the bankrupt's property is vested in the trustee by operation of law, as of the date of its adjudication, except that exempted by law; and by clause 3 such trustee is vested with all the powers which the bankrupt might have exercised for its own benefit.

Section 23b provides that suits by the trustee, except some not pertinent here, shall be brought only in the courts where the bankrupt could have brought them if bankruptcy proceedings had not been instituted, unless by consent of the proposed defendant.

Is the proceeding in question a "suit" within the meaning of section

23b? The limitation here is upon the courts, and the suit referred to is a proceeding which contemplates the bringing in of a party respondent, as manifested by the phrase "unless by the consent of the proposed defendant."

*The proceeding dismissed is administrative, and does not require the personal presence of the stockholders.*

[3] It is well settled that, without express statutory exactment:

"The capital stock of an incorporated company is a fund set apart for the payment of its debts. It is a substitute for the personal liability which subsists in private copartnerships. * * * It is publicly pledged to those who deal with the corporation, for their security. Unpaid stock is as much a part of this pledge, and as much a part of the assets of the company, as the cash which has been paid in upon it. Creditors have the same right to look to it as to anything else, and the same right to insist upon its payment as upon the payment of any other debt due to the company. As regards creditors, there is no distinction between such a demand and any other asset which may form a part of the property and effects of the corporation." Sanger v. Upton, Assignee, 91 U. S. 56, 60, 61, 23 L. Ed. 220.

The New Jersey Corporation Act (Act April 21, 1896 [P. L. p. 277]), to which the bankrupt owes its origin, imposes a like liability upon the stockholders. Section 21 provides that:

"Where the whole capital of a corporation shall not have been paid in, and the capital paid shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share, as fixed by the charter of the corporation, or such proportion of that sum as shall be required to satisfy such debts and obligations."

Section 22 empowers the directors "from time to time" to "make assessments upon the shares of stock subscribed for, not exceeding, in the whole, the par value thereof."

Sections 48 and 49 provide that nothing but money or money's worth "shall be considered as payment of any part of the capital stock of any corporation organized under this act."

Section 66 empowers the receiver appointed for the creditors and stockholders of an insolvent corporation to demand and take the property of every description of the corporation, and to institute suits at law or in equity to recover the same.

Upon adjudication in bankruptcy not only the title of the bankrupt's property vests in the trustee (see section 70, Bankr. Act, supra), but also the right to exercise the powers of the directors of such bankrupt under section 22 of the New Jersey Corporation Act, supra, to cause an assessment to be made on all its unpaid shares of stock. The liability of the stockholder to make such payment is expressly reserved by section 4b of the Bankruptcy Act. Sanger v. Upton, supra; In re Jassoy Co., 178 Fed. 515, 518, 101 C. C. A. 641. As these stockholders' liability to make such payment is secondary, however, i. e., conditioned on insufficiency of corporate assets, such want of assets must be established before a demand therefor can be enforced against the stockholders. Scovill v. Thayer, 105 U. S. 143, 155, 156, 26 L. Ed. 968. But to establish this it is not necessary to institute a plenary suit against such stockholders.

"The proper practice in such cases is for the trustee to file a petition in the bankruptcy court for an order directing him to make an assessment and call upon the unpaid stock of the corporation for the purpose of paying its debts." Loveland, Bankruptcy (4th Ed.) p. 809.

The stockholders of a bankrupt corporation, in their corporate capacity, are in court from the institution of the bankruptcy proceedings, and are as much bound by the administration of such estate as the corporate entity itself. Sanger v. Upton, supra; Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184; Bernheimer v. Converse, 206 U. S. 516, 532, 27 Sup. Ct. 755, 51 L. Ed. 1163; In re Miller Elect. Maintenance Co. (D. C.) 111 Fed. 515; Goss v. Carter, 156 Fed. 746, 84 C. C. A. 402.

To ascertain whether there are insufficient corporate assets, and whether capital stock has been issued at less than par value, are administrative matters, not involving any personal judgment affecting such stockholders in their individual capacity. Their personal presence is therefore not necessary when such ascertainment and assessment is made; nor are they entitled to any other notice than the constructive one had by operation of law by the institution of such bankruptcy proceedings. The enforcement of said assessment against the stockholders alleged to be liable thereto, however, is plenary in its nature, and, except with their consent, cannot be made in the bankruptcy court. Section 23b, Bankr. Act. In the suit to collect such assessment, the defendant is entitled to make all defenses that relate to him in his individual as distinguished from his corporate capacity, such as that he is not a stockholder, or that he has fully paid for the stock taken. Great Western Tel. Co. v. Purdy, 162 U. S. 329, 337, 16 Sup. Ct. 810, 40 L. Ed. 986; Converse v. Hamilton, 224 U. S. 243, 32 Sup. Ct. 415, 56 L. Ed. ——, April 1, 1912; Goss v. Carter, 156 Fed. 752, 84 C. C. A. 402. See, also, Gilson v. Appleby, 81 Atl. 925, in which the New Jersey Court of Errors and Appeals held that, in a suit to enforce the assessment made in a proceeding instituted in the Court of Chancery to wind up and administer the assets of an insolvent corporation under the law of New Jersey, a nonresident who had not been served with process or submitted himself to the jurisdiction of the court could show, among other matters in defense, that he had paid his subscription in full.

In Re Remington Auto & Motor Co., 153 Fed. 345, 347, 82 C. C. A. 421, 423, the court said:

"In a plenary action against a stockholder to enforce assessment, he cannot be heard to question the findings made in this proceeding as to the amount paid for the stock, * * * but he may present and make proof of any individual defense which he may have to such action."

This seemingly is authority to prevent a stockholder from showing that he had paid for his stock in full. My reading of that case, however, fails to show any facts which call for such a decision, and while I have the profoundest respect for even the dictum of the learned judge who wrote the opinion in that case, the utterance of the same court in Re Munger Vehicle Tire Co., 168 Fed. 910, 94 C. C. A. 314, and what was said by one of the learned judges of said court

as now constituted, in Babbitt v. Read (C. C.) 173 Fed. 712, that in Re Remington the stockholders were apparently residents and parties, I am constrained to the conclusion that such case cannot be considered as authority that the making of an assessment by the bankruptcy court is res adjudicata upon the question of whether a given stockholder has paid for his stock, in a plenary suit brought to enforce such assessment, where such stockholder was a nonresident and did not submit himself to the jurisdiction of the court in such assessment proceedings.

The stockholders' personal rights not being involved in these proceedings, the referee should have disregarded the exception interposed by Heckscher and proceeded to a determination of the trustee's claim for relief. The fact that, in determining the right to make such assessment, a determination whether the stock issued to such firm of Ceballos & Co. and Heckscher was paid would be necessary, would not oust his jurisdiction to make the assessment. Easton Nat. Bank v. Am. Brick, etc., Co., 70 N. J. Eq. 722, 64 Atl. 1095. In re Hutchinson & Wilmoth, 158 Fed. 74, 85 C. C. A. 404, mainly relied upon by the referee, is not opposed to this view. In that case personal liability was sought to be fixed on a nonresident stockholder, as well as the making of an assessment. The only point discussed there was whether a nonresident could be brought into the bankruptcy court on notice served by mail and publication in a newspaper. No waiver of such personal judgment, or effort to retain the petition that purely administrative relief might be given, appears to have been made. The learned court, in deciding that such service was ineffective, considered the petition simply as one seeking a personal judgment against the nonresident. It expressly (158 Fed. 78, 85 C. C. A. 404) distinguished that case from one calling for an assessment on the bankrupt corporation's stock, and conceded that the bankruptcy court had jurisdiction to make an investigation into the necessity and propriety of making such assessment where the personal liability of the stockholders was to be left for future determination.

This distinction between the two proceedings, viz., to impose an assessment and to enforce personal liability, seemingly was overlooked by the referee; hence the dismissal of the petition. The order dismissing the trustee's petition is therefore reversed, and the proceedings remanded, with direction to proceed with the proofs and determine the right to the relief asked in the quoted prayer.