. In re NEWFOUNDLAND SYNDICATE. ·

Appeal of HECKSCHER.

(Circuit Court of Appeals, Third Circuit. January 18, 1913.)

No. 1,689.

BANKRUPTCY (§ 250*)—CORPORATIONS—ASSESSMENT OF STOCKHOLDERS.

    While àn order of a court of bankruptcy determining the necessity of assessing the stock of a bankrupt corporation and levying an assessment thereon does not deprive a nonresident stockholder, not within the jurisdiction of the court, of the right to contest his individual liability in a plenary suit against him to enforce the assessment, if he appears and contests the assessment, he is bound by the result of such contest as to all matters determined.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 235, 350; Dec. Dig. § 250.*]

    Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

    In the matter of the Newfoundland Syndicate, bankrupt. From an order of the District Court, August Heckscher appeals. Modified.

    For opinion below, see 196 Fed. 443.

    Justus P. Sheffield, of New York City, for petitioner.

    Elbridge L. Adams and Nelson S. Spencer, both of New York City, for respondent.

    Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

    PER CURIAM. The order appealed from and the opinion supporting it are reported in 196 Fed. 443, where the facts connected with Heckscher's present holding of stock are sufficiently stated. We need not repeat them, and, indeed, the substantial agreement of counsel during the argument before this court relieves us from discussing or deciding any controverted question. As we understand the statements of counsel, it was agreed that the order of the District Court should be so modified as to leave no doubt, if doubt can be avoided, concerning the scope of the appellant's rights. The trustee concedes that the notice by mail, given to the appellant in New York, did not confer jurisdiction of his person; and it is not disputed that the appellant must have his day in court somewhere and at some time, in order that he may make such defenses as the law permits. His right to a hearing is undoubted, and we shall endeavor to preserve it; but he must understand that ordinarily a suitor may not demand more than one opportunity to be heard, and that if he appear before the referee in New Jersey and contest the assessment there he must take the consequences of such a contest.

    We direct that the order of the District Court, dated May 23, 1912, be modified, so as to read as follows:

(a) The order of the referee dismissing the trustee's petition is reversed, and the proceedings are remanded to the referee, who is hereby directed to proceed with the proofs and to determine (1) whether, in view of the debts and the assets of the bankrupt (not counting as an asset the liability on stock that is averred to be unpaid, either in whole or in part), it is necessary to assess all or any part of the capital stock of the bankrupt company for the purpose of paying debts and necessary expenses; (2) if an assessment be necessary, then to determine the rate thereof, and to levy the same upon whatever stock may appear prima facie to be subject to assessment.

(b) Such assessment, if made, shall be without prejudice to the right of any person that may hereafter be sued thereon in any court of competent jurisdiction to make such defense thereto as may affect his individual liability thereon; but such defense shall not attack the administrative action of the referee in making the assessment, or in determining the rate thereof, or in levying the same.

(c) The foregoing paragraph (b) of this order shall not be used to protect any stockholder if he shall appear, and shall thus have the opportunity to contest the amount or rate of the assessment, or the liability of his stock to be assessed. The rights of such appearing stockholder in a subsequent plenary suit on such assessment shall be as they would have been if paragraph (b) had been omitted from this order.

The costs of this appeal to be paid by the bankrupt estate.