ROSOFF et al. v. GILBERT TRANSP. CO.

(District Court, D. Connecticut. April 24, 1913.)

**BANKRUPTCY (§ 282\*)—INSOLVENCY OF CORPORATION—UNPAID SUBSCRIPTIONS—ACTION BY TRUSTEE.**

Where it did not appear that the debts of an insolvent corporation were such as to exceed the amount of unpaid subscriptions, and the claims of bondholders that they were creditors to the amount of $250,000 were open to controversy, and the claim of another creditor was also contested, the corporation's trustee in bankruptcy could not maintain a suit against stockholders for the amount of their unpaid subscriptions without a preliminary investigation and assessment of the amount necessary to pay debts and expenses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 426; Dec. Dig. § 282.\*]

At Law. Action by Samuel R. Rosoff and others against the Gilbert Transportation Company to recover unpaid stock subscriptions. Cases suspended pending assessment of the amount necessary to pay debts and expenses.

John S. Pullman, of Bridgeport, Conn., for complainants and receiver.

George D. Watrous and Harrison T. Sheldon, both of New Haven, Conn., for American Surety Co.

Lewis Sperry, of Hartford, Conn., Charles Phelps, of Rockville, Conn., and Charles Welles Gross, Lucius F. Robinson, and Francis W. Cole, all of Hartford, Conn., for intervening stockholders.

Leonard M. Daggett, of New Haven, Conn., for committee of bondholders.

Eliot Watrous, of New Haven, Conn., for John A. Morse, a bondholder.

HOLT, District Judge. I regret to take any course which will cause any further delay in this case, already too protracted. But it is entirely clear, in my opinion, that the practice pursued in this matter of suing for the full amount due on stock subscriptions, without a preliminary assessment, was unauthorized. In the case of a solvent corporation, while a going concern, the directors, in their discretion, can call in all amounts unpaid on stock subscriptions; but in the case of a bankrupt corporation the trustee can only sue the stockholders for such amounts as have been determined by a preliminary investigation and assessment to be necessary to pay the debts and expenses. Scovill v. Thayer, 105 U. S. 143, 26 L. Ed. 968; Re Remington Co., 153 Fed. 345, 82 C. C. A. 421; Re Munger Co., 168 Fed. 910, 94 C. C. A. 314; Cumberland Lumber Co. v. Clinton Hill Lumber Manufacturing Co., 57 N. J. Eq. 627, 42 Atl. 585; Lewisohn v. Stoddard, 78 Conn. 575, 63 Atl. 621. When the debts unquestionably exceed the amount of unpaid subscriptions, possibly a preliminary assessment is unnecessary. But it is at least doubtful in this case whether the valid debts are sufficient to require a call for the entire unpaid subscriptions.

The claim of the bondholders that they are creditors to the amount

of $250,000 is certainly open to controversy, in view of the explicit covenant in the mortgage that they shall have no recourse against the stockholders. The claim of the American Surety Company is also contested. While it is a matter of regret, therefore, that a settlement of this estate should be longer delayed, I cannot avoid the conclusion that the rights of the stockholders who have been sued require that there should be a reference to take an account, showing how much the real debts are, and how large an assessment on the stockholders is necessary in order to pay them. A reference will be ordered to a master, to determine the amount of such assessment. Actual notice should be given of the hearing upon such reference to all the stockholders and parties who have appeared. Upon such hearing, any stockholder, creditor, or person interested should be free to contest any claim filed. The reference, when once begun, should proceed substantially from day to day, without adjournment, except for reasonable cause. In the meantime the suits brought by the trustee in the state courts should be stayed until the confirmation of the report fixing the amount of the assessment, with leave to any of the parties to move to vacate the stay, if there is unreasonable delay in proceeding with the hearing of the reference. When the assessment is made, the pending suits can go on to recover the amount of the assessment.

I think that the question whether any stockholder can be assessed who has purchased, for value, without notice, stock issued as full-paid and nonassessable should be determined in the pending suits, and not on the reference. In re Munger & Co., 168 Fed. 910, 94 C. C. A. 314. It would seem that all the questions raised by the intervening bill will be determined either in the reference or the pending suits, and that the bill might be dropped; but if the interveners desire to go on with it, I will consider on the settlement of the order whether to direct the bondholders and the American Surety Company to answer.

The order should be settled on notice.