### In re CANISTER CO.

#### (District Court, D. New Jersey. February 13, 1918.)

1. **BANKRUPTCY ⊂⊃226—ORDERS OF REFEREE—FINDING OF FACTS.**

    An order of a referee in a matter in which there is a dispute of fact must be supported by a finding of the ultimate facts; the specific facts to be found depending upon the particular case.

2. **BANKRUPTCY ⊂⊃250(1)—CORPORATIONS—ASSESSMENT OF STOCKHOLDERS.**

    To authorize an assessment upon stockholders of a bankrupt corporation it is necessary for the referee, inter alia, to find (1) that the assets of the company are insufficient to pay its debts; (2) that the stock, or some of it, was not paid for in full, and that the holders thereof had, or are chargeable with, knowledge of that fact in the acquirement of the stock; and (3) the pro rata share that the holders of such stock must pay, up to the par value thereof, in order to liquidate the indebtedness of the company and pay the expenses of the proceeding. When such findings have been made, the referee may order an assessment upon the holders of such unpaid stock for any amount of the unpaid portion found to be necessary, and for such amount only.

3. **BANKRUPTCY ⊂⊃225—REFEREES—NECESSITY OF FINDING FACTS.**

    If a trustee, in support of a petition filed by him, fails to produce sufficient evidence to enable the referee to find the facts to sustain the order prayed for, the petition should be dismissed.

In Bankruptcy. In the matter of the Canister Company, bankrupt. On review of order of referee assessing stockholders of the bankrupt company to the extent of the par value of their stock. Reversed.

Edward L. Katzenbach, of Trenton, N. J., and George M. Shipman, of Belvidere, N. J., for trustee.

Malcolm G. Buchanan, of Trenton, N. J., for respondent stockholders.

Joseph A. Seidman and A. C. Cohen, both of New York City, for creditors' protective committee and Hudson Brass Works.

DAVIS, District Judge. It appears from the proofs submitted in the above-stated cause that in July, 1909, and for some time prior thereto, the Canister Manufacturing Company was and had been in financial difficulties. There seems to have been an understanding between the officers and stockholders, or some of them, of the said company, and the creditors thereof, that a reorganization of the company should take place, and that the creditors of the company should receive stock in the new and reorganized company, called the Canister Company, for and on account of their claims against the old company. A written instrument, purporting to contain the terms of the said agreement, was introduced in evidence before the referee; but the same was unsigned, and just who were the parties to the alleged agreement, embracing the reorganization, is not quite clear. A reorganization was, however, effected. All the personal property was sold for a nominal sum under execution sale, upon judgments secured by the Phillipsburg Investment Company, to which certain creditors of the old company had assigned their claims, and the real estate of the old company was sold under foreclosure proceedings, likewise for a nominal sum. All the property, both real and personal, purchased at the said sale, was conveyed to the newly organized Canister Company. An inventory and appraisement were made of this property, which amounted to $299,098.58. It is charged, however, that the inventory and appraisement were made by persons who were interested in both companies, the old and the new, and whose interest caused them to make the appraisement much in excess of the value of the articles appraised. Stock was issued by the new company to creditors of the old company on account of their claims against the old company.

The trustee contends: (1) That the creditors of the old company had no legal claim against the new company, and that their only claim was against the proceeds of the said sales of the personal property and real estate of the old company; and (2) that if the agreement, tacit or otherwise, is taken into account as binding in the case, because it was acquiesced in and ratified for six or seven years by the creditors of the old company and officers of the new, the stock issued to the present stockholders of the new company, creditors of the old company, was in excess of the property received by the new company, in return for which it issued its stock to the present holders.

Passing over the first contention presented in the brief of counsel for the trustee, the order of the referee seems to have been based upon the second proposition. He finds as facts, inter alia:

(1) "That there is substantial doubt about the full payment of any of the stock, and that the weight of evidence, as the proofs now stand, is that some of the shares are only partly paid, and some are entirely paid."

(2) "The Phillipsburg Investment Company proceeded to purchase at sheriff's sale the property of the Canister Manufacturing Company, and the proofs indicate that that property did go over into the possession of the present bankrupt company, and said bankrupt company did issue to numerous creditors of the Canister Manufacturing Company capital stock, in varying amounts, aggregating $91,300 in par value, and having acquired title to the real estate, it gave to previous bondholders of the company, in lieu of their bonds, which had been foreclosed, bonds to the amount of $79,800."

(3) "I am therefore constrained by the present proofs to find that there

is very considerable doubt concerning the payment in full of all the capital stock outstanding. It is true undoubtedly that the property did go over from the Canister Manufacturing Company to the Canister Company, and that it is payment on stock, but to what extent and on what shares it applies cannot be determined by the present proofs. In my judgment that can only be determined by the trustee bringing a plenary suit against a stockholder in which the issues can be narrowed down to his particular dealings which resulted in his holding the stock."

Upon said facts, inter alia, as found by him, the referee made an order assessing all stockholders of the Canister Company "to an amount equal to the par value of the stock issued to and held by said stockholders," and directed the trustee "to enforce payment of such assessments and calls, if necessary, by an action or actions at law or in equity in any court of competent jurisdiction in this or in any other state or country against the stockholders of the Canister Company both common and preferred."

[1] The jurisdiction of the referee was challenged to make such an order, but this objection is without merit. The referee, however, must find the facts, "the ultimate facts of the dispute." As Judge Mc-Pherson, in the case of In re Turetz (D. C.) 205 Fed. 400, said:

"We need to know the facts, not merely the evidence about the facts; and this is emphasized by the mass of testimony that has been taken, and by the fact that the referee heard and saw the witnesses, and is much better able to find the facts than we can possibly be."

The definite, specific facts to be found depend upon the particular case being considered, but they should be found, and wherever practicable separated from the findings of law.

[2] In order to make an assessment upon stockholders for the payment of the debts and administrative expenses of the bankrupt company, it is necessary for the referee, inter alia, to find: (1) That the assets of the bankrupt company are insufficient to pay its debts; (2) that the stock, or some of it, was not paid for in full and that the holders thereof had, or are chargeable with, knowledge of that fact in the acquirement of said stock; (3) the pro rata share that the holders of such stock must pay, up to the par value thereof, in order to liquidate the indebtedness of the bankrupt company. When this has been done, the referee may order an assessment upon such holders of unpaid stock for any amount of the unpaid portion thereof found to be necessary for the payment of the debts and expenses of the bankrupt company and for such amount only. General Order in Bankruptcy No. 27 (89 Fed. xi, 32 C. C. A. xxvii); Bankruptcy Rule No. 33 of this court; Kirkpatrick v. American Alkali Co. (C. C.) 140 Fed. 186; In re Newfoundland Syndicate (D. C.) 196 Fed. 443; Id., 201 Fed. 917, 120 C. C. A. 255; Enright v. Heckscher, 240 Fed. 863, 153 C. C. A. 549; In re Turetz, supra; Cumberland Lumber Co. v. Clinton Hill Mfg. Co., 57 N. J. Eq. 628, 42 Atl. 585; See v. Heppenheimer, 69 N. J. Eq. 36, 61 Atl. 843; Holcombe v. Trenton White City Co., 80 N. J. Eq. 122;[1] McDermott v. Woodhouse (N. J.) 101 Atl. 375; J. W. Cooney v. Arlington Hotel Co. (Del. Ch.) 101 Atl. 879; Scovill v. Thayer, 105 U. S. 143, 26 L. Ed. 968; Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184; Furnald v. Glenn

[1] 82 Atl. 618.

(C. C.) 56 Fed. 372; In re Remington Automobile Co. (D. C.) 139 Fed. 766; Rosoff v. Gilbert Transp. Co. (D. C.) 204 Fed. 349.

[3] The referee has manifestly not found the facts necessary to support his order. He finds "that some of the shares are only partly paid, and some are entirely paid." It would be unfair to any stockholder whose stock is full paid to compel him to go to the trouble and expense of defending a suit which could have but one result. It would also be unfair to the creditors to waste the assets of the estate in bankruptcy in such fruitless litigation. The law, therefore, imposes upon the referee the duty of finding, as best he can, the stock which was not full paid before he levies an assessment upon the holder thereof. The holder of such unpaid stock, may, however, in a plenary suit for the collection of the assessment, make any defense that may relieve him of individual liability, but he may "not attack the administrative action of the referee in making the assessment or in determining the rate thereof, or in levying the same." In re Newfoundland Syndicate, supra. If the referee could not, with "the present proofs before him," determine the necessary facts, he should either have taken further testimony, or, if no other proof could be secured, he should have dismissed the petition. The trustee must bear the burden and present such proof as will enable the referee to find, with reasonable certainty, the facts necessary to support his order. If he does not do so, the petition must be dismissed.

The order will therefore be reversed and set aside, and the case sent back to the referee, with instructions to take further testimony and determine the facts, as above set forth, necessary to support an order making the assessment, or to dismiss the petition, if such proofs are not produced before him, if he cannot find the facts from the present proofs.

### Order for Correction of Opinion.

After the above opinion had been filed, it was brought to the attention of the court that the last word in finding (1), as set out above, of the referee in his filed memorandum was "paid," instead of "unpaid," as intended by him. Upon stipulation of counsel the correction was ordered. This, however, does not necessitate any change in the conclusions above reached.