FRENCH v. BUSCH.

(District Court, E. D. New York. March 4, 1912.)

PLEADING (§ 218*)—DEFENSES—DEMURRER—REARGUMENT.

Where, in a receiver's suit against stockholders of an insolvent corporation to enforce a stock subscription liability, a demurrer has been overruled to defendant's answer, and it appears that defendant is entitled to an allowance of a set-off of some sort, in case the facts pleaded are proved, a reargument of the demurrer will not be granted more than six months after the decision thereof, based on a single ground that the demurrer to the set-off pleaded could not, as a matter of technical pleading, have been assumed to admit more than the specific facts of the counterclaim itself.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. § 218.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Thomas E. French, as receiver of the Agnew Company, against Clarence M. Busch. On application for reargument on a demurrer. Overruled.

See, also, 189 Fed. 480.

Burlingham, Montgomery & Beecher (Herman S. Hertwig and Morton L. Fearey, of counsel), for plaintiff.

W. Russell Osborn, for defendant.

CHATFIELD, District Judge. Application has been made for reargument, some six months after decision upon a demurrer. In making the application, the grounds of the reargument have been stated. The court sees no reason for granting the reargument, nor for changing its decision, if reargument be had.

The complainant has called attention to the case of Babbitt v. Read (C. C.) 173 Fed. 712, in which the court states that a set-off arising from a debt of the bankrupt is not available against a trustee, suing stockholders for funds to distribute in bankruptcy; and it is suggested that this case was not used upon the preceding argument. It is unnecessary to go into the many questions arising from this proposition. The record shows plainly that upon the whole situation, as admitted by the demurrer, a set-off of the sort in question should be allowed in this case; and, it being apparent that the facts which might be produced upon the trial would present the actual situation shown by the admissions of the demurrer, it does not seem that after this long lapse of time a reargument should be had, based upon the single point that the demurrer to the set-off or counterclaim should not, as a matter of technical pleading, have been assumed to admit more than the specific facts of the counterclaim itself. As a matter of fact, it may well be doubted whether, even if nothing but the allegations of the complaint, the counterclaim, and the demurrer thereto be taken, a situation is not presented upon which the demurrer should be overruled.

Motion for reargument, therefore, will be denied.