## STONE et al. v. DANENHOWER.

### In re CRAMER & ROGERS GROCERY CO.

(Circuit Court of Appeals, Third Circuit. February 17, 1922.)

#### No. 2794.

Bankruptcy ⟨⟩446—Matters of fact not considered on petition to review.

On petition to review in proceedings resulting in a decree assessing stock, the Circuit Court of Appeals cannot disturb findings of fact.

Petition for Review from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

In the matter of the Cramer & Rogers Grocery Company, bankrupt; J. C. Danenhower, trustee. There was a decree assessing stock held by John W. Stone and another, and they petition to revise and review in matters of law. Affirmed.

James Mercer Davis, of Camden, N. J., for petitioners.

Carr & Carroll and Walter R. Carroll, all of Camden, N. J., for respondent.

Before BUFFINGTON, Circuit Judge, and WITMER and THOMSON, District Judges.

BUFFINGTON, Circuit Judge. This is a petition to revise and review in matters of law certain proceedings had in the bankruptcy of the Cramer & Rogers Grocery Company, which resulted in a decree assessing the stock in said company held by John W. Stone and James H. Birch, Jr., respectively. The case turns on the facts of this particular case and on the procedure which the parties have themselves shaped and followed, so that what is now said and done in no way qualifies or affects the general procedure outlined and the principles laid down by this court in Re New Foundland Syndicate, 201 Fed. 917, 120 C. C. A. 255; Bergdoll v. Harrigan (C. C. A.) 263 Fed. 280.

Confining ourselves, therefore, to the inquiry whether the record before us discloses any error in law, we note that after the adjudication in bankruptcy of the corporation, Danenhower, the trustee, presented his petition, setting forth in great detail the facts concerning the organization, flotation, and stock issuing of the bankrupt corporation; that the corporation acquired the grocery business theretofore owned by Joseph T. and Clifford B. Rogers, and paid them therefor in the capital stock of the company, largely in excess of the value of such business, and in contravention of the New Jersey state statute regulating such issues; that of the common stock so issued John W. Stone, one of the petitioners, became the owner of 300 shares, of the par value of $3,000, as a bonus for subscribing for preferred stock, and James H. Birch, Jr., the other petitioner, became the owner of 50 shares of the common stock as a bonus for buying preferred stock and for serving as a director. The trustee further represented that the Rogerses were both irresponsible financially, that the assets of the corporation were insufficient to pay its debts, that Stone and Birch were respectively

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

liable to pay upon such overvalued common stock, and prayed that they answer such petition, "in so far as the same relates to his separable individual liability," and that the trustee "be empowered and directed to levy an assessment of the amount due and unpaid on the shares of common stock held, respectively," by Stone and Birch. On this petition a rule was issued and served on the latter to show cause why "an assessment of the amounts due and unpaid on the shares of common stock by them held, respectively, should not be ordered and directed made, pursuant to the prayer of said petition."

No answer was made by either, but, on the matter being referred to the referee, both appeared by counsel and defended; Birch on the ground that his stock had been paid for by services rendered the bankrupt corporation, and Stone on the ground that his stock had been fully paid for when originally issued, and that the present proceeding was barred by the statute of limitations. Thereafter testimony in support of the petition was taken, and the respondents appeared by counsel, and had opportunity to cross-examine and produce testimony. Both parties having rested, no objection was made by Stone or Birch to the form of the procedure, or to the form or substance of the issue of their individual liability being determined by the referee, their counsel contending the proofs showed no liability on their part and defining on the record their position in these words:

"My understanding is that the testimony on the part of the petitioner shows that Mr. John W. Stone received of the capital stock of this concern certain shares of the preferred stock, for which full cash value was paid, and that along with this preferred stock a certain amount of the common stock belonging to one of the Rogerses, who was a director and stockholder of the concern, was given to Mr. Stone, and that in the case of James H. Birch, Jr., a certain amount of the common stock belonging to one or both of the Rogerses was given to Mr. Birch for services rendered."

These trial issues, acquiesced in by all parties, were thereafter determined by the referee, who found that $65,000 of the common stock of the company had been issued in violation of the statute of New Jersey, in that the tangible property paid for it was only of the value of $12,835.30, and it was therefore liable to assessment; that Birch and Stone had not paid for their stock, and had received the same under such circumstances as to charge them with full and complete knowledge that said shares of common stock had not been paid for in full, and that Stone was liable upon his $3,000 of common stock for $2,409, and Birch, for his $500, for $401.50. An order accordingly having been entered by the referee, and counsel for Stone and Birch being heard in opposition thereto, the referee's order was approved. Thereupon this petition to review was filed, the grounds for which were therein stated as follows:

"(1) The court erred in not vacating and setting aside the order of S. Conrad Ott, referee. (2) The court erred in failing to find that the said James H. Birch, Jr., and John W. Stone were bona fide holders without notice of any defect in the payment of said stock. (3) The court erred in failing to find that said stock was fully paid for. (4) The court erred in finding that there was liability on the part of these petitioners. (5) That said order was not warranted under the law facts."

Without discussing in detail these grounds of review, it suffices to say that, as to the second and third grounds, they cover matters and findings of fact which, on this petition to review, we have neither the testimony before us nor jurisdictional warrant to disturb. As to the action of the court covered by the first, fourth, and fifth grounds, we find no error disclosed by the record which warrants a reversal of such action.

Apart from these questions, which were raised in the court below, some other questions and objections are now raised for the first time on this appeal, as to admission of evidence and the like. Assuming for present purposes they are timely, we find none of them of substantial merit.

The decree below is affirmed.