## In re MILLER ELECTRICAL MAINTENANCE CO.

(District Court, W. D. Pennsylvania. September 30, 1901.)

**BANKRUPTCY—POWERS OF COURT—ORDERING ASSESSMENT ON STOCKHOLDERS OF BANKRUPT CORPORATION.**

Under Bankr. Act 1898, § 2, which invests courts of bankruptcy "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * to * * * (7) cause the estates of bankrupts to be collected," etc., a court of bankruptcy has power, in a proper case, to order an assessment on the stockholders of a bankrupt corporation for unpaid subscriptions, which constitute a trust fund for the benefit of its general creditors, and the stockholders are not necessary parties to an application for such an order.

In Bankruptcy. On demurrers to petition of trustee.

Way, Walker & Morris, for trustee.

Smith Shannon, H. & G. C. Burgwin, J. S. Ferguson. T. Boyd Duff, and Charles W. Jones, for defendants.

BUFFINGTON, District Judge. This is an application by the trustee of the Miller Electrical Maintenance Company, an adjudged bankrupt company, to order an assessment on stockholders for alleged unpaid stock subscriptions, and to direct the trustee to collect the same. The demurrers of the respondents challenge the court's jurisdiction. By section 2 of the bankruptcy act, the district court is vested "with such jurisdiction at law and in equity as will enable [it] to exercise original jurisdiction * * * to * * * cause the estates of bankrupts to be collected," etc., and "nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated." The company was duly adjudged bankrupt by this court.

Unpaid subscriptions to the capital stock of a corporation constitute a trust fund for the benefit of its general creditors. Sawyer v. Hoag, 17 Wall. 620, 21 L. Ed. 731; Sanger v. Upton, 91 U. S. 56, 23 L. Ed. 220; Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35

L. Ed. 227. In ordering an assessment a court is executing a corporate function for a corporate purpose. Hawkins v. Glenn, 131 U. S. 328, 9 Sup. Ct. 739, 33 L. Ed. 184. Where jurisdiction over the corporation exists, the stockholders are not necessary parties in an application to levy an assessment. Sanger v. Upton, supra; Hawkins v. Glenn, supra. The fact that the stockholders were notified of the present application in no way affects the prior existing jurisdiction of the court over the corporation. Under the former bankruptcy law the right to order an assessment upon stockholders of a bankrupt corporation was exercised by the district court; and in Hawkins v. Glenn, supra, it was held that the decision in Sanger v. Upton, supra, sustaining such jurisdiction, was "made not in pursuance of any express provision of the bankruptcy law, but in analogy to the powers and proceedings of a court of equity, and to meet the requirements and justice of the case." We are therefore of opinion this court, having acquired jurisdiction over this bankrupt corporation, has power, in a proper case, to order an assessment on the stockholders for unpaid subscriptions. In re Crystal Spring Bottling Co., 3 Nat. Bankr. N. 180, 96 Fed. 945. Whether such assessment shall be made, or how it shall be collected, are questions not now before us.

The demurrers filed by the several respondents will be overruled, with leave to answer within 20 days.