MARYLAND RAIL CO. et al. v. TAYLOR et al.

BALTIMORE TRUST & GUARANTY CO. v. OAKLAND COAL & COKE CO.

(Circuit Court of Appeals, Fourth Circuit.    February 11, 1916.)

No. 1312.

1. CORPORATIONS ⊚⟳232(1)—STOCK—SUBSCRIPTIONS—LIABILITY.

Under Acts W. Va. 1882, c. 96, § 24, a sale of corporate stock for property cannot be questioned in the absence of fraud; therefore corporate creditors in such case cannot hold subscribers liable on the theory that their subscriptions were unpaid, because the property was received at a valuation fixed between them and the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 879, 880, 987; Dec. Dig. ⊚⟳232(1).]

2. CORPORATIONS ⊚⟳544(2)—STOCK—TRUST FUND.

Unpaid balances due on stock subscriptions constitute a trust fund for corporate creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2162; Dec. Dig. ⊚⟳544(2).]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Parkersburg; Benjamin F. Keller and Alston G. Dayton, Judges.

Suit by the Baltimore Trust & Guaranty Company against the Oakland Coal & Coke Company, in which the Maryland Rail Company and others sought to recover against Charles J. Taylor and others on alleged unpaid subscriptions. From a decree for defendants, intervening petitioners appeal. Affirmed.

T. F. Cadwalader and Horace S. Whitman, both of Baltimore, Md. (Willis R. Jones, of Baltimore, Md., and P. J. Crogan, of Kingwood, W. Va., on the brief), for appellants.

Osborne I. Yellott, Frank Gosnell, and Alexander Preston, all of Baltimore, Md. (Marbury, Gosnell & Williams, of Baltimore, Md., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

PER CURIAM.   The Oakland Coal & Coke Company, a West Virginia corporation, duly organized and doing business under the laws of that state, for some years conducted extensively its coal mining business, issued a large amount of capital stock, and also gave a mortgage upon its property to the Baltimore Trust & Guaranty Company to secure a considerable bonded indebtedness.

Upon failure to meet its obligations, including interest on bonds, a bill in equity was filed by the trust company to foreclose the mortgage, wind up the affairs of the company, and subject its property to the payment of its debts.   In this original cause, pending in the District Court of West Virginia, entitled Baltimore Trust & Guaranty Company v. Oakland Coal & Coke Company, proceedings were duly had looking to the payment of alleged unpaid stock

⊚⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

subscriptions, in which latter effort the controversy between the appellants and appellees herein arose. The general creditors of the Oakland Coal & Coke Company, being the appellants herein, especially seek to enforce the payment of the alleged stockholders' liability for unpaid stock subscriptions for a large amount, it being the only source from which they can hope to realize anything on account of their indebtedness, the mining company's failure being a heavy one.

The lower court, after giving much consideration to the subject (Judge Dayton of the Northern district and Judge Keller of the Southern district of West Virginia having passed upon different features involved in the alleged liability), reached the conclusion that the claim was without merit, and that all stock issued by the company, the unpaid subscription of which was involved in the litigation, had been fully paid up, as authorized and recognized by the laws of West Virginia, at a time long antedating the incurring of the appellants' debts. The correctness of the conclusion thus reached is the real question in controversy on this appeal.

[1] This court has maturely considered the subject, and is entirely satisfied with the conclusions reached by the lower court. The manner in which stockholders may settle for their subscriptions, in the absence of fraud (and none is shown in this case), is controlled by statute, and the court has no right to substitute its judgment for that of the law-making power, because in the light of after events a hardship on creditors may result and they may not be able to secure payment of their indebtedness from the corporation. Acts Gen. Assem. W. Va. 1882, c. 96, § 24; Merchants' & Mechanics' Savings Bank of Grafton v. Belington Coal & Coke Company, 51 W. Va. 60, 41 S. E. 390. In the case cited, the Supreme Court of West Virginia said:

"Our statute throws the gate wide open for the sale of stock and purchase of property in payment therefor at such price and on such terms and conditions as the contracting parties may agree upon."

And in the absence of fraud no action against a stockholder for unpaid subscriptions can be maintained for stock issued under that section. The lower court was of opinion that the stock in question was subscribed and settled for pursuant to the section of the statute referred to, and that under the interpretation placed on said statute by the case cited no recovery could be had therefor, and in these views we fully concur.

[2] The appellants cite many authorities to support their contention that the unpaid balance due on stock subscriptions constitute a trust fund out of which creditors of the corporation should be paid. With this position, and these authorities, we are in accord, but here the subscriptions to the stock have been paid in the manner authorized by the statute of the state, as interpreted by its highest court, which precludes the right of recovery.

The decree of the lower court will be affirmed at the cost of appellants.

Affirmed.