BERGDOLL v. HARRIGAN.

In re LOUIS J. BERGDOLL MOTOR CO.

(Circuit Court of Appeals, Third Circuit. February 26, 1920.)

No. 2489.

1. BANKRUPTCY ⊂⇒250(1)—ASSESSMENT ON UNPAID STOCK OF BANKRUPT CORPORATION IS ADMINISTRATIVE PROCEEDING.

In order to compel payment, by a stockholder of a bankrupt corporation, of money due on his stock, there must first be a determination by the bankruptcy court of the necessity of such assessment and a fixing of the rate, and the levying of the same upon such stock as appears prima facie to be subject thereto, which proceeding is purely administrative and binding upon any stockholder in subsequent proceedings against him.

2. BANKRUPTCY ⊂⇒282—SUIT BY TRUSTEE NECESSARY FOR RECOVERY ON UNPAID STOCK OF BANKRUPT CORPORATION.

After the necessity of requiring payment, by stockholders of a bankrupt corporation, of money due on their stock, and the rate of assessment necessary has been determined, an appropriate suit by the trustee is

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

necessary to fix the personal liability of a stockholder, in which he may make any defense affecting his individual liability for the assessment ordered.

3. BANKRUPTCY ⚖➡300—CONSENT TO JURISDICTION OF BANKRUPTCY COURT NOT GIVEN BY APPEARANCE.

Appearance of a stockholder of a bankrupt corporation to contest a petition by the trustee asking that an assessment be made on all stock not fully paid for *held* not to confer jurisdiction on the bankruptcy court to adjudicate his personal liability for such an assessment.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of the Louis J. Bergdoll Motor Company, bankrupt; Frank A. Harrigan, trustee. Louis J. Bergdoll appeals from the order of the District Court. Reversed in part, and affirmed in part. For opinion below, see 260 Fed. 234.

Harry E. Keller, of Philadelphia, Pa., for appellant.
Joseph W. Catharine, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and HAIGHT, Circuit Judges.

HAIGHT, Circuit Judge. The order appealed from assesses certain of the capital stock of the bankrupt, the Louis J. Bergdoll Motor Company, a Pennsylvania corporation, for the difference between the amount alleged to have been paid therefor and the par value thereof, to meet the debts of the bankrupt, imposes a judgment for a large sum of money on the appellant by reason of his having at one time held practically all of such stock, and directs the trustee in bankruptcy to collect the sum so adjudged to be due. Although not specifically so adjudicating, the order recites that the referee had found, because of insufficiency of assets to meet the debts of the bankrupt, that it was necessary to assess all of the capital stock which had been issued for an inadequate consideration, and had fixed the rate of assessment thereon.

The order was made pursuant to a petition of the trustee, wherein he prayed that an assessment, at a certain rate, be made upon every share of the capital stock of the bankrupt which had been issued at less than its par value, or upon which the full amount of its par value had not theretofore been paid, and that he be authorized to institute such proceedings or suits as might be proper against the appellant and others, whom the petition alleged were or had been holders of such capital stock, "for the collection or recovery of such amounts as may be due, respectively, by them as subscribers for or holders of said" shares. The petition was presented at a meeting of the creditors of the bankrupt, and on the same day an order was made strictly in accordance with the prayer of the petition. Two days thereafter that order was vacated by the referee, and another made, which directed the appellant and the others against whom the petition prayed that suits might be instituted as above stated, to show cause "why the *prayers* of said petition should not be granted." In response to the order to show cause, the appellant appeared and filed

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

an answer to the petition. Thereafter testimony was taken before the referee, and eventually the order appealed from was entered.

Among other reasons advanced for a reversal of the order is that the appellant did not consent to the exercise by the bankruptcy court of jurisdiction to finally adjudicate, as it did, his liability for such assessment, and that in the absence of such consent it was without jurisdiction to do so. With the proposition of law embodied in that contention, both the referee and the learned judge of the court below, of course, were in accord; but each felt that the appellant had so consented, and hence that the judgment in question could be rendered against him.

[1, 2] There are two entirely separate and distinct branches of the proceedings to compel the payment by a stockholder of a bankrupt corporation of any moneys due on his stock, viz.: First, a determination by the court as to whether it is necessary to assess such stock for the purpose of paying the debts of the bankrupt and the necessary costs of administration, and, if so, then the fixing of the rate of the assessment and the levying of the same upon whatever stock may appear prima facie to be subject thereto; and, second, if a stockholder disputes his individual liability as prima facie determined, then the institution by the trustee of an appropriate suit or proceeding to fix definitely his liability or nonliability for the assessment and the amount thereof. The first branch is purely administrative and is binding upon any stockholder in any subsequent proceedings instituted to fix his personal liability; but in respect to the second branch the stockholder may make any defense which may affect his individual liability, other than the correctness of the administrative order. In re Newfoundland Syndicate, 201 Fed. 917, 120 C. C. A. 225 (C. C. A. 3d Cir.); In re M. Stipp Const. Co., 221 Fed. 372, 137 C. C. A. 180 (C. C. A. 3d Cir.).

[3] In recognition of this general rule, the trustee's petition, as before noted, prayed that the court might first make the assessment, and then might authorize the trustee to institute such suits as should be necessary to collect the amounts assessed. The appellant, as a creditor of the bankrupt for a substantial amount, and as one of the stockholders against whom it was proposed by the trustee to institute a suit for the collection of unpaid stock subscriptions, was surely entitled to avail himself of the opportunity offered by the order to show cause and contest, before the referee, not only the necessity for an assessment, but also the advisability of making one. To that extent, we think, he could appear and take part in the proceedings without submitting himself to the jurisdiction of the bankruptcy court to fix his individual liability for unpaid stock; likewise his appearance and the grounds upon which he proposed to oppose the administrative act of making an assessment could be made formally by answer, as well as otherwise, without subjecting him to the jurisdiction of that court.

The important question, therefore, is whether his appearance and subsequent participation in the proceedings on the trustee's petition before the referee justified a finding that he consented to the exer-

cise of jurisdiction over him and to relinquish the right conferred by section. 23b of the Bankruptcy Act (Comp. St. § 9607). Without attempting to burden this opinion with a recital of the substance of his answer and of the details of his subsequent participation in the proceedings, it is sufficient, we think, to observe that every affirmative allegation of the answer is as consistent with an intention to merely contest the advisability of making the administrative order of assessment as a desire to resist, in that particular proceeding, his individual ultimate liability for any such assessment. If the affirmative allegations of his answer had been substantiated, and the legal effect thereof had been as he contended, any subsequent proceedings, looking towards the assessment of any of the capital stock of the bankrupt, would have been useless and produced an unwarranted expense. The same may be said of the paragraph of his answer which denied certain of the allegations of the petition, when it is considered in connection with the other allegations of the answer. So far as the record shows, the only evidence offered by him to support his answer was the record of another proceeding, which he relied upon to support one of the affirmative allegations of his answer to the effect that the question as to whether the stock sought to be assessed had been fully paid for was res adjudicata. He was examined as a witness by the trustee, and took part in the cross-examination of one or two witnesses called by the trustee. He offered no evidence to show that the assets which were transferred ·to the bankrupt, and for which the referee found that the stock in question had been issued, were not equal in value to the par value of the stock issued for them, nor did he endeavor in any way to contest his individual liability, except as the same might be also incidentally affected by his effort to show the inadvisability of proceeding with the assessment. As the trustee could enforce any such liability only in a plenary action instituted in a court where the bankrupt might have brought it, unless by consent of the appellant, the burden was upon the former to demonstrate that the latter had consented to the jurisdiction of the bankruptcy court.

The appellant vigorously contests here, as he did in the court below, that he ever, in fact, intended to so consent, or in law did so, and insists, in view of the twofold character of the prayer of the trustee's petition, he had always assumed that he would be afforded an opportunity, in a plenary action to be instituted against him in case an assessment should be ordered, to set up one or more defenses which would defeat any alleged individual liability on his part, notably that the assets for which the stock of the bankrupt was issued were worth the par value of the stock. In view of the twofold character of the proceedings to assess stock, the prayer of the trustee's petition conforming thereto, and the fact that the appellant's appearance and participation. in the proceedings which followed the order to show cause were as consistent with an intention on his part to resist the administrative order of assessment as to contest his own liability, and considering that the burden was on the trustee to establish that the appellant had consented to the exercise of summary jurisdiction by

the bankruptcy court, and bearing in mind the law's willingness to give every one an opportunity to have his rights fully presented and passed upon, we are of opinion that the court below erred in holding that the appellant had consented to the exercise by the bankruptcy court of jurisdiction to determine his ultimate liability or nonliability.

Therefore, the order appealed from, in so far as it fixes the personal liability of the appellant and the amount thereof, will be reversed; but in so far as it adjudicates the necessity for an assessment on the stock of the bankrupt and the rate thereof, and as to those who appear prima facie subject to the assessment, it will be affirmed. The costs of this appeal must be borne by the appellant.