# HARRIGAN, TRUSTEE, etc. v. BERGDOLL, ALSO KNOWN AS BERGSON.

## CERTIORARI TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 181. Argued November 23, 24, 1925.—Decided April 12, 1926.

1. The state statute of limitations prescribing the time within which a suit may be brought against a shareholder of a local corporation to collect unpaid stock subscriptions for defrayal of the corporation's debts applies when the suit is brought by a trustee of a bankrupt corporation pursuant to an order of the bankruptcy court assessing its shareholders. P. 564.

2. The nature, extent, and condition of the liability of a stockholder on account of the stock not full-paid, depend primarily on the law of the State or country by which the corporation was created. *Id.*

3. That law determines whether the liability is to the corporation or to creditors; if to the corporation, the right passes to its trustee in bankruptcy; but the Bankrupt Law does not modify the right or create a new one. *Id.*

4. By the law of Pennsylvania this liability of shareholders of a Pennsylvania business corporation becomes fixed, so that the statute of limitations begins to run, as soon as it is definitely ascertained that a company is insolvent and will be obliged to call unpaid stock subscriptions in order to satisfy its obligations. *Scovill* v. *Thayer,* 105 U. S. 143, distinguished. *Id.*

281 Pa. 186, affirmed.

CERTIORARI to a judgment of the Supreme Court of Pennsylvania which affirmed a judgment for the defendant Bergdoll, based on the statute of limitations, in a suit to collect unpaid stock subscriptions.

*Mr. F. A. Harrigan,* with whom *Mr. Joseph W. Catharine* was on the brief, for petitioner.

The state court was without power, where the suit had been brought upon the decree of the United States court, to go behind that decree and say that the cause of action antedated the date of the decree sued upon and that there-

fore the statute of limitations was applicable from the earlier date. *Swearingen* v. *Dairy Co.,* 198 Pa. 68, distinguished.

The case is controlled by *Scovill* v. *Thayer,* 105 U. S. 143. There is a conflict in the opinions on this subject. *Kaye* v. *Metz,* 47 A. B. R. 163. Before suit could be brought against the respondent, there had to be some order of a court of competent jurisdiction. As laid down in *Scovill* v. *Thayer, supra,* and *Harrigan* v. *Bergdoll,* 263 Fed. 279, it was the duty of the trustee-petitioner, in dealing with assets, to proceed under the direction of the bankruptcy court. The trustee-petitioner could not have maintained a plenary action against the respondent until he had obtained the order for assessment, as he did. Being a trustee in a federal bankruptcy proceeding, the proceedings he took and the order he obtained were a right given to, and exercised by, him under the authority of a federal statute. *Great Western Tel. Co.* v. *Purdy,* 162 U. S. 329; *Scovill* v. *Thayer,* 105 U. S. 143; *Parsons* v. *Hayes,* 14 Abb. N. C. 419.

*Mr. Walter B. Gibbons,* with whom *Mr. Harry C. Kohlhas, Jr.,* was on the brief, for respondent.

Mr. Justice Brandeis delivered the opinion of the Court.

Harrigan, trustee in bankruptcy of the Louis J. Bergdoll Motor Company, brought this suit in a state court of Pennsylvania, on July 13, 1921, to recover $155,571.79 and interest from Bergdoll, a stockholder in the company. The defendant, a resident of the State, pleaded the general six-year statute of limitations. The claim sued on is the assessment, ordered by the bankruptcy court, of 51.85% of the par value on shares in the company held by the defendant, the amount being found by that court to be unpaid on the stock and required to satisfy the liabilities.

100569°—26——36

The corporation had been organized under the laws of
Pennsylvania about April 1, 1912; had its place of busi-
ness there; and was adjudged bankrupt in the federal
court for the eastern district of the State in April, 1913.
It was then insolvent. In May, 1913, it had become ap-
parent that the company's liabilities largely exceeded its
assets other than the amounts unpaid on its capital stock.
The petition of the trustee to the bankruptcy court pray-
ing that the assessment be made, and that he be author-
ized to proceed to collect the same, was not filed until
October, 1917.

The application then made was strenuously opposed by
Bergdoll. The order for the assessment was entered by
the referee in February, 1918, but was not confirmed by
the District Court until July, 1919, 260 Fed. 234. That
was more than six years after the deficiency had become
apparent. The judgment of the District Court, besides
making the assessment, ordered Bergdoll to pay the same.
On this ground, among others, Bergdoll appealed to the
United States Circuit Court of Appeals. In March, 1920,
that court affirmed the judgment insofar as it adjudicated
the necessity for an assessment, fixed the rate and levied
the same upon those who appeared *prima facie* to be sub-
ject thereto, but reversed the judgment insofar as it had
adjudged the personal liability of Bergdoll and the amount
thereof. 263 Fed. 279, 281, 283. Thereafter this suit was
brought in the state court. The trial court ruled that the
statute of limitations had run before the suit was insti-
tuted. Its judgment was affirmed by the highest court
of the State, 281 Pa. 186. This Court granted a writ of
certiorari. 266 U. S. 598.

The reversal by the Circuit Court of Appeals of the
judgment of the District Court insofar as it adjudged the
liability of Bergdoll was in accord with the rule, settled
in the third circuit and elsewhere, that the order of assess-
ment and levy is a purely administrative proceeding pre-

liminary to the institution of a suit; that in the absence of consent there is no jurisdiction in the bankruptcy court to fix the personal liability of a stockholder; and that any person whose stock is assessed may when sued in a plenary action on such assessment in any court of competent jurisdiction make any defence thereto affecting his individual liability, but may not attack the administrative order of the District Court in determining the need of an assessment, or in levying the same. *Great Western Telegraph Co. v. Purdy,* 162 U. S. 329, 336–7; *In re Remington Automobile & Motor Co.,* 153 Fed. 345; *In re Munger Vehicle Tire Co.,* 168 Fed. 910; *In re M. Stipp Construction Co.,* 221 Fed. 372. The District Court recognized this rule. It erred, as the Court of Appeals held, in concluding that Bergdoll had consented to the exercise by the bankruptcy court of jurisdiction to determine whether he was personally liable.

The decision of the Supreme Court of the State holding that the statute of limitations had run was said to be an application of the state law, settled at least since *Swearingen v. Sewickley Dairy Co.,* 198 Pa. 68, decided in 1901, that the liability of a shareholder in a Pennsylvania business corporation to creditors of the company on account of stock not full-paid becomes fixed at the time it is definitely ascertained that the company is insolvent and will be obliged to call unpaid stock subscriptions in order to satisfy its obligations; that as soon as the deficiency of assets becomes apparent, it becomes the duty of creditors, if they desire to obtain payment of their claims, to take the necessary steps to bring about a formal determination of the extent of the assessment on unpaid stock subscriptions necessary to liquidate the indebtedness and also to begin proper action to collect such amount from the respective stockholders within the time limited by the general statute of limitations. The sole question for decision is whether the state law governs in view of the proceedings had in bankruptcy.

The trustee contends that the statute of limitations did not begin to run until March 27, 1920, the date of the judgment of the Circuit Court of Appeals which confirmed the order making the assessment and authorized suit to collect it. This contention rests upon the assumption that Bergdoll's liability remained contingent until the entry of that judgment and, hence, that the cause of action arose then. The highest court of Pennsylvania has held that assessment was not a condition precedent to the existence of the cause of action; and that the liability became absolute without an assessment, either by the corporation or by any court, as soon as the need of this asset for paying debts became apparent. Compare *Potts* v. *Wallace,* 146 U. S. 689; *Kelley* v. *Gill,* 245 U. S. 116, 121. The nature, the extent, and the conditions of the liability of a stockholder on account of stock not full-paid depend primarily upon the law of the State or country by which the corporation was created. *Glenn* v. *Liggett,* 135 U. S. 533, 548. Compare *Benedict* v. *Ratner,* 268 U. S. 353, 359.[1] That law determines whether the liability is to the corporation or is to creditors.[2] Compare *Converse* v. *Hamilton,* 224 U. S. 243, 253; *Selig* v. *Hamilton,* 234 U. S. 652, 658. If the liability is to the corporation, it passes like other choses in action to the trustee in bankruptcy. The Bankrupt Law does not modify this right of action against the stockholder or create a new one. It merely provides that the right created by the state law shall pass to the trustee and be enforced by him for the benefit of creditors. The order

[1] See *Maryland Rail Co.* v. *Taylor,* 231 Fed. 119, 120; *Enright* v. *Hecksher,* 240 Fed. 863, 878; *In re Manufacturers' Box & Lumber Co.,* 251 Fed. 957; *Wallace* v. *Weinstein,* 257 Fed. 625; *Johnson* v. *Louisville Trust Co.,* 293 Fed. 857.

[2] See *In re Jassey Co.,* 178 Fed. 515; *Babbit* v. *Read,* 215 Fed. 395; 236 Fed. 42, 49, 50; *Courtney* v. *Georger,* 228 Fed. 859; *Courtney* v. *Croxton,* 239 Fed. 247; *Petition of Stuart,* 272 Fed. 938; *In re Pipe Line Oil Co.,* 289 Fed. 698.

of assessment and the direction that the trustee sue to recover were appropriate administrative proceedings in bankruptcy. See *In re Miller Electrical Maintenance Co.,* 111 Fed. 515. But it was for the court of Pennsylvania to say whether they were indispensable to the enforcement of the stockholder's liability.

*Scovill* v. *Thayer,* 105 U. S. 143, upon which the trustee relied, is not inconsistent with the conclusion stated. That was a suit brought in the federal court for Massachusetts to enforce the liability of a stockholder in a Kansas corporation. The courts of Kansas had not settled when the cause of action created by its law arose. The trial court and this Court were, therefore, obliged to decide that question of state law. See *Burgess* v. *Seligman,* 107 U. S. 20, 33.

*Affirmed.*