## CLAY v. CONNECTICUT GENERAL LIFE INS. CO. OF HARTFORD, CONN.
### No. 7244.

Circuit Court of Appeals, Fifth Circuit.
March 3, 1934.

Gates Ivy, of Tampa, Fla., for appellant.

John J. Twomey and Thomas E. Lucas, both of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant complains of a deficiency decree rendered against him in a suit brought by the appellee for the foreclosure of a mortgage conveying real estate made to the appellee on June 29, 1928, by Emma F. Brentford and her husband. The appellant was made a party defendant to the bill, which contained allegations to the following effect: In November, 1928, the mortgagors mortgaged the same real estate to the appellant to secure a debt owing to him. On November 23, 1929, H. L. Crowder, being then and there the owner of said mortgaged property, joined by his wife, conveyed that property to the appellant by warranty deed, which was recorded in Deed Book 675, p. 44, Public Records of Hillsborough County, Fla. The following allegation came immediately after the just mentioned one: "Your Orator further shows unto the Court that at the time the said deed was executed and delivered by H. L. Crowder and wife to W. B. Clay, the said W. B. Clay assumed, and agreed to pay, the mortgage of your Orator. That said agreement to assume and agree to pay said mortgage on the part of W. B. Clay is part of the consideration for the deed to him from H. L. Crowder and wife, and also in compliance with a written agreement, signed by the said W. B. Clay and delivered to H. L. Crowder, dated August 29th, 1929." A copy of the written agreement mentioned in the last above set out allegation was made an exhibit to the bill, being in words and figures as follows:

"Tampa, Fla., August 29, 1929.
"Mr. H. L. Crowder,
"c/o Woodward-Crowder Co.,
"Tampa, Fla.
"Dear Sir:
"Replying to your letter of August 26th in which you advised me that you have taken a deed from Mrs. Emma T. Brentford and her husband to the real estate, lot and improvements located on the East (E) side of Tampa Street and on the South side of Tyler Street on which I hold a second mortgage.
"I approve of this transfer and if Mrs. Brentford fails to repurchase property from you on or before November 15th I stand ready at that time to pay you enough money to place the mortgage in good shape and I also agree to accept deed from you in which I will assume to pay the first mortgage and will also assume to clear up judgment which is now on record against Mrs. Brentford.

"Hoping this matter will be straightened out without foreclosure and assuring you that I am willing at all times to protect my second mortgage if possible and practical, I am,

"Yours very truly, W. B. Clay."

The appellant's answer to the bill denied that, at the time the deed of Crowder and his wife was executed and delivered to him, he assumed and agreed to pay the mortgage sought to be foreclosed or the whole or any part of the debt secured thereby, and alleged: "That he admits the execution and delivery of that certain letter dated August 29, 1929, executed by him and addressed to Mr. H. L. Crowder, care Woodward-Crowder Co., Tampa, Florida, but says that this letter antedated the date of said deed from H. L. Crowder and wife to him and formed no part of the consideration of the transaction aforesaid as closed and concluded nor did the same exist independently or collaterally to the transaction as closed and concluded by the said deed of conveyance under seal but that all negotiations, previous understandings which existed or may have existed prior to the date of said deed were merged into the said deed of conveyance, which by its terms expressed and does now express the sole and only conditions, stipulations, warranties, agreements or other understandings between the parties thereto or anyone else. The respondent further says that the said deed of conveyance was delivered on the day and date of its execution, that is to say, the 23rd day of November, A. D. 1929." The deed of Crowder and wife to the appellant recited a consideration of $10 lawful money of the United States to the grantors in hand paid by the grantee, and contained the following: "It is specifically understood and intended that this conveyance shall not create a merger of the mortgage to grantee identified below. * * * And the said parties of the first part for themselves and their heirs, executors and administrators do hereby covenant: * * * That said premises are free from all encumbrances and liens of every nature and kind whatsoever, including taxes—Except that certain mortgage recorded in Mortgage Book 410, page 428 to Connecticut General Life Ins. Co., and mortgage to W. B. Clay recorded in Mortgage Book 421, page 389, said property being conveyed subject to both of said mtges." That deed

contains no provision as to the grantee assuming the mortgage for the foreclosure of which this suit was brought.

Over objections of the appellant the court admitted in evidence the above set out letter dated August 29, 1929, and testimony of Crowder as to statements made by appellant prior to the execution of the deed of Crowder and wife to him as to the appellant agreeing to assume the mortgage to the appellee. The grounds of those objections were that the deed of Crowder and wife to the appellant is the written evidence of the contract between the parties, that the evidence objected to contradicts or varies the terms of that deed, and that prior negotiations or agreements between the parties to that deed were merged therein. The testimony of Crowder which was admitted over appellant's objections was as to statements or agreements made by the appellant in conversations or negotiations which occurred on or prior to August 29, 1929, the date of the above set out letter. A lawyer who represented the appellant and prepared the deed made by Crowder and wife to the appellant, prior to the preparation of that deed, discussed with Crowder the matter of appellant taking that deed. In the conversation with that lawyer Crowder made no mention of any agreement of the appellant to assume the mortgage to the appellee; the only consideration mentioned in those conversations being $300, which amount was paid to Crowder at the time of the execution of his deed to the appellant. Crowder never assumed the payment of the mortgage to the appellee or the mortgage to appellant.

■ In so far as the above set out letter of August 29, 1929, deals with the subject of appellant assuming the payment of the mortgage made by his mortgagors to the appellee, on its face it is an agreement preliminary to a deed to be subsequently executed upon the happening of a stated future event; the appellant merely proposing, in the event the mortgagor, Mrs. Brentford, fails to repurchase the mortgaged property from Crowder on or before November 15th, to accept a deed from Crowder in which appellant will assume to pay the first mortgage, being the one to the appellee. Mrs. Brentford failed to repurchase the property from Crowder on or before November 15th. As soon as such failure was disclosed the matter of Crowder deeding the mortgaged property to the appellant was taken up, with the result that a few days later, on November 23, 1929, Crowder and his wife executed a deed which recited the payment by appellant of a money consideration and conveyed the mortgaged property to the appellant, but contained no provision with reference to the assumption by the appellant of the first mortgage to the appellee or the debt secured thereby. That deed, being the concluding agreement of the parties as to the matter which previously had been the subject of negotiations and agreements between them, is to be taken to contain all that they finally agreed on and to be the only evidence thereof, with the result of merging therein or superseding all prior or contemporaneous negotiations or declarations, and excluding evidence of such prior negotiations, declarations, or agreements. The evidence objected to was inadmissible because the effect of it was to vary, contradict, or add to the terms of the deed of Crowder to the appellant. Dewitt v. Berry, 134 U. S. 306, 315, 10 S. Ct. 536, 33 L. Ed. 896; Murphy v. India Tire & Rubber Co. (C. C. A.) 29 F.(2d) 228; Speakman v. Bernstein (C. C. A.) 59 F.(2d) 520; 10 R. C. L. 1019. As the appellee was seeking to have the benefit of the alleged agreement between Crowder and the appellant, it was no more open to appellee by extraneous evidence to contradict, vary, or add to the terms of the final agreement between Crowder and the appellee, evidenced by the former's deed to the latter, than it was to a party to that deed. The evidence improperly admitted was the only evidence tending to prove that appellant agreed to assume the mortgage to the appellee or the debt secured thereby.

■ The allegations of appellee's bill as to appellant agreeing to assume the mortgage to the appellee being unsupported by legal evidence, there is no occasion to pass on the question whether, if those allegations had been proved, the fact that appellee's mortgagors had no contract with Crowder or the appellant with reference to an assumption of the mortgage to the appellee would have stood in the way of such agreement being availed of by the appellee in this suit, or to determine whether, in the situation presented by such proof, the decisions to be followed are federal ones (Union Mut. Life Ins. Co. v. Hanford, 143 U. S. 187, 190, 12 S. Ct. 437, 36 L. Ed. 118; Keller v. Ashford, 133 U. S. 610, 622, 10 S. Ct. 494, 33 L. Ed. 667), to the effect that the only remedy of the mortgagee against the grantee of mortgaged property is by bill in equity in the right of the mortgagor and grantor, by virtue of the right in equity of a creditor to avail himself of any security which his debtor holds from a third person for the payment of the debt; or Flor-

ida ones (Whitfield v. Webb, 100 Fla. 1619, 131 So. 786; Enns-Halbe Co. v. Templeton, 101 Fla. 609, 135 So. 135), to the effect that an agreement of a grantee of mortgaged property to assume a mortgage on that property inures to the benefit of the mortgagee, and may be enforced by the latter at law or in equity. Under neither the federal nor the Florida decisions referred to is an immediate or remote grantee of a mortgagor liable to the mortgagee for the mortgage debt in the absence of a valid agreement of such grantee to be so liable.

Because of the above-indicated error, the decree is reversed.