### NAIRN v. McCARTHY.
### No. 7530.

Circuit Court of Appeals, Seventh Circuit.
June 7, 1941.

Wm. B. Basile, of Chicago, Ill., for appellant.

A. C. Rooney, of Chicago, Ill., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court entered September 20, 1940, sustaining defendant's motion to dismiss plaintiff's complaint. It was alleged in such motion that the cause of action as stated was barred by Section 16, Chapter 83 of the Limitation Act of the State of Illinois, Smith-Hurd Ill.Stats. c. 83, § 16.

The complaint alleged that the defendant, as a result of certain transactions, on November 3, 1932, became indebted to the Rosenbaum Grain Corporation in the sum of $5,235.66, which debt was unpaid. On April 23, 1935, the corporation filed its voluntary debtor's petition for corporate reorganization under Section 77B of the Bankruptcy Act of 1898 as amended, 11 U. S.C.A. § 207, which petition was approved as properly filed and which proceeding is still pending. Plaintiff was and is the duly appointed, qualified and acting trustee of the estate of the debtor corporation.

The sole question is whether the action is barred by the five-year Illinois Statute of Limitation. Plaintiff contends in the negative and argues that the State Limitation Statute is superseded and suspended by the Federal Bankruptcy Act. Defendant, sustained by the lower court, argues to the contrary. Admittedly, the action is barred if the Illinois Statute is applicable.

Plaintiff, in support of his position, relies first upon Section 77B, sub. b (10) of the Bankruptcy Act of 1898 as amended (U.S.C.A., Title 11, Sec. 207, sub. b(10) which reads as follows: "The running of all periods of time prescribed by

any * * * provisions of this Act [title], and by all statutes of limitations, shall be suspended during the pendency of a proceeding under this section."

This provision has never been construed so far as we are aware. Plaintiff contends that the words "all statutes of limitations" are clearly applicable to State as well as Federal Statutes of Limitations. At first we were impressed with the plausibility of this contention. After a study of the provision, however, we are inclined to the view that such was not its purpose. The question of the power of Congress to legislate in this respect is not raised. It is merely one of construing the provision as written. It appears to us that it was intended to suspend the running of all periods of time and all statutes of limitations contained in any provision of the Bankruptcy Act, and that there was no intention to make it applicable otherwise. It is reasonable to think that if Congress had thus intended, it would have so expressed itself in plain language. This interpretation finds support in the subsequent enactment known as the Chandler Act. The provision of the Chandler Act, Title 11, Sec. 661, U.S.C.A., enacted June 22, 1938, as a substitute for Section 77B, sub. b(10), is expressly limited to "all statutes of limitation affecting claims and interests provable under this chapter and the running of all periods of time prescribed by this title * * *." While this provision is not to be retroactively applied, yet we think it is rather plain that Congress did not intend to alter the substance of the earlier provision. It is more reasonable to believe that the purpose was merely to clarify it. It will be noted that practically the same phraseology is employed in the latter provision as in the former, but that the phrases are arranged so as to exclude reference to any limitation period except that provided by the Bankruptcy Act. It therefore appears that nothing different was intended by the former provision and we so construe it.

Secondly, plaintiff relies upon Sec. 11, sub. d, of the Bankruptcy Act of 1898 as amended, U.S.C.A., Title 11, Sec. 29, sub. d, which reads as follows: "Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

▆▆▆ There is much confusion and uncertainty in the interpretation which the courts have placed upon this provision. Defendant relies upon Davis v. Willey, 9 Cir., 273 F. 397, and Meikle v. Drain, et al., 9 Cir., 69 F.2d 290—both cases by the same court—which undoubtedly support defendant's contention that the provision has no application where the cause of action is founded upon state law as in the instant case. Plaintiff relies upon Isaacs v. Neece, 5 Cir., 75 F.2d 566, which holds contrary to the Davis and Meikle cases.[1] It is our view that this provision has no application to the instant situation. True, it has been referred to as a two-year statute of limitation, and as giving the trustee two years "after the estate is closed" during which suit may be instituted. As we read the provision, however, it does not grant an extension of time, but is a prohibition against the institution of actions either by or against the trustee subsequent to the designated time. It does not follow from the fact that the trustee is prohibited from bringing an action subsequent to that time that he is authorized to maintain an action prior thereto, irrespective of an applicable limitation statute. The provision is more for the protection of the trustee than for his benefit and, in any event, is for the purpose of terminating his duties and responsibilities. As was said in Charlesworth v. Hipsh, Inc., 8 Cir., 84 F.2d 834, 837, in discussing this provision: "* * * Time in which the trustee may sue cannot be extended by a provision in the Bankruptcy Act which purports only to limit the time within which a suit may be brought by or against him. * * *"

In Harrigan v. Bergdoll, 270 U.S. 560, 46 S.Ct. 413, 70 L.Ed. 733, a trustee in bankruptcy brought suit to recover assessments upon unpaid stock in a corporation. The court, on page 564, of 270 U.S., on page 415 of 46 S.Ct., 70 L.Ed. 733, said: "* * * The Bankruptcy Law * * * does not modify this right of action against the stockholder or create a new one. It merely provides that the right created by the state law shall pass to the trustee and be enforced by him for the benefit of creditors. * * *"

It is true, as pointed out by the plaintiff, that the court was considering when the state statute would commence to run and not when its running would be complete. We do not see how this distinction is of any benefit to the plaintiff. If a Bankrupt-

---

[1] State courts, in construing this section, are also in conflict. See footnote 84, page 132, Supplement Sec. 29, Title 11, U.S.C.A.

cy Court is bound by the commencement of a limitation period as fixed by the state, we think it would also be bound by the termination of such period. It is also true that the court, so far as the opinion discloses, did not consider the provision of the Bankruptcy Act with which we are now concerned. By reason of the question which the court was considering, there was no occasion for it to do so. If plaintiff's position is sound, there was likewise no occasion for the court to determine when the state statute of limitation commenced to run. If all actions may be commenced by the trustee at any time within two years after the estate is closed, it would seem immaterial when the state statute commenced to run, how long it had been in operation, or when it terminated, provided, of course, it had not terminated previously to the bankruptcy adjudication.

We are of the opinion that the State Statute of Limitation controlled and that the court below properly ordered the dismissal. Its order in this respect is affirmed.